NUMBER 13-10-00432-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



EX PARTE:  MANUEL REYNOSA

 

 



On appeal from the 197th District Court

of Cameron County, Texas.

 

 



MEMORANDUM OPINION

 

Before Justices Yañez, Garza, and Benavides

Per Curiam
Memorandum Opinion

            Appellant,
Manuel Reynosa, pro se, was convicted of aggravated robbery in 1996.  His
appeal of this conviction was affirmed by this Court.  See Reynosa v. State,
13-96-00608-CR, 1998 Tex. App. LEXIS 565, *9 (Tex. App.—Corpus Christi Jan. 28,
1998, no pet.) (not designated for publication).  On February 22, 2010, Reynosa
filed an application for a post-conviction writ of habeas corpus pursuant to
article 11.07 of the Texas Code of Criminal Procedure.  On April 16, 2010, the
trial court recommended denial of the application for writ of habeas corpus and
directed the transmittal of all relevant documentation to the court of criminal
appeals.  On May 5, 2010, the Texas Court of Criminal Appeals denied Reynosa’s
application for writ of habeas corpus without a written order.  

Reynosa has now filed a notice of
appeal in this Court “from the [denial] without written order [sic] the
application for writ of habeas corpus on the finding of the trial court without
a hearing on May 5, 2010 and the order and recommendation on February 22,
2010.”  This cause is before the Court on the clerk’s record.  The State of
Texas has filed a motion to dismiss the appeal for lack of jurisdiction.

Only the Texas Court of Criminal
Appeals has jurisdiction in final post-conviction habeas corpus proceedings.  Board
of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,
910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that "Article 11.07
provides the exclusive means to challenge a final felony conviction."); Ater
v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. 1991); see Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon Supp. 2009).  Moreover, this Court does not have jurisdiction to review
a ruling of the court of criminal appeals.  See Tex. Const. art. V, §§ 5, 6(a); Tex. Crim. Proc. Code Ann. art. 44.45 (Vernon 2006).  

The Court, having examined and
fully considered the notice of appeal, the clerk’s record, and the State’s
motion to dismiss the appeal, is of the opinion that the motion to dismiss
should be granted.  Accordingly, we GRANT the motion to dismiss and dismiss the
appeal for want of jurisdiction.  Pending motions, if any, are dismissed as
moot.  

 

                                                                                                                        PER
CURIAM

 

Do not publish.

See Tex. R. App. P. 47.2(b).

 

Delivered and filed the

28th day of October, 2010.